# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-771V
### Filed: July 29, 2019
UNPUBLISHED

|  |  |
|---|---|
| HENRY MILLIGAN, JR.,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 31, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of the adverse effects of the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on August 31, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 12, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for his SIRVA. On July 29, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $90,000.00. Proffer

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.* at 1-2.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $90,000.00 in the form of a check payable to petitioner, Henry Milligan, Jr.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

HENRY MILLIGAN, JR.,

     Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

     Respondent.

No. 18-771V

Chief Special Master Dorsey

ECF

## PROFFER ON AWARD OF DAMAGES

On May 31, 2018, Henry Milligan, Jr. ("petitioner") filed a petition for compensation

("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34 ("Vaccine Act" or "Act"), as amended.  Respondent conceded petitioner's entitlement to

compensation in his Rule 4(c) Report filed on June 11, 2019.  Based on Respondent's Rule 4(c)

Report the Chief Special Master found petitioner entitled to compensation.

## I.  Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$90,000.00, which represents all elements of compensation to which petitioner would be entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.  Form of the Award

Respondent recommends that the compensation provided to petitioner should be made

through a lump sum payment of **$90,000.00**, in the form of a check made payable to petitioner. [1]

This lump sum payment represents all elements of compensation to which petitioner would be

---

[1]  Should petitioner die prior to the entry of judgment, the parties reserve the right to move the
Court for appropriate relief.  In particular, respondent would oppose any award for future
medical expenses, future lost earnings, and future pain and suffering.

1

entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

  s/Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-1586

Date:   July 29, 2019